UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY ASHLEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| VS. | )    No. 20-1275-JDT-cgc |
| | ) |
| KEVIN GENOVESE, ET AL., | ) |
| | ) |
|     Defendants. | ) |

ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

Plaintiff Timothy Ashley, who is incarcerated at the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee, filed a *pro se* civil complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) Ashley names as Defendants the NWCX Warden, Kevin Genovese; Gary Holder, Associate Warden of Operations; and Steve Jones, Associate Warden of Treatment. (ECF No. 1 at PageID 2.) He also attempts to sue three unidentified "John Doe" correctional officers. All of the Defendants are sued in their individual capacities. (*Id.*)

Ashley alleges he was assaulted by Correctional Officer John Doe #2. He states he had been given a meal with peanut butter, to which he is allergic, so he asked Defendant John Doe #2 for a substitute meal. (*Id.* at PageID 3.) Ashley had his hand in the door flap

of his cell at the time. (*Id.*) John Doe #2 allegedly "became irate and began slamming the flap down on my arm and using racial expletives to insult me." (*Id.*) An African American officer then approached and told John Doe #2 he would handle the situation. (*Id.*) Ashley alleges he did nothing to provoke the assault and states he believes John Doe #2's actions were racially motivated because of the racial slurs that were used during the incident. (*Id.*) Ashley asked to see a nurse and states "the warden came by with a captain [and] took photos of my injuries and asked me what took place." (*Id.*) He seeks monetary damages. (*Id.*)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

   (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

   (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Ashley v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by

factual allegations." *Iqbal*, 556 U.S. at 679.  Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P.  8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Ashley*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Ashley filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements:  (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Though Ashley states he is suing three John Doe Defendants, the complaint contains no factual allegations against either John Doe #1 or John Doe #3. When a complaint fails to allege any action by a Defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Ashley thus has no claim against John Doe #1 or John Doe #3.

The complaint also contains no allegations against Defendants Genovese, Holder, or Jones. Instead, Ashley presumably sues these Defendants merely because of their positions as NWCX Wardens. Under § 1983, however, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

> There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

*Bellamy*, 729 F.2d at 421 (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his subordinates but fails to act generally cannot be held liable in his individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006). Ashley's complaint does not allege these Defendants "implicitly authorized, approved, or knowingly acquiesced" in

4

any unconstitutional conduct of their subordinates.[1] Ashley therefore fails to state a claim against Defendants Genovese, Holder, and Jones.

Ashley's claim of excessive force against Defendant John Doe #2 arises under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). This proscription encompasses an inmate's right to personal safety, including freedom from use of excessive force. *Stewart v. Love*, 796 F.2d 43, 44 (6th Cir. 1982).

With respect to excessive force claims, the malicious and sadistic use of force to cause harm violates contemporary standards of decency, regardless of whether or not significant injury is evident. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (the intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983). For excessive physical force claims, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7.

An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires that the deprivation be "sufficiently serious." *Id.* A prisoner must show that he "is incarcerated

---

[1] Ashley states only that an unnamed warden came by after the incident to take photos and asked him what happened. (ECF No. 1 at PageID 3.) Even if this unnamed person was one of the Warden Defendants, this does not amount to an allegation of wrongdoing that will support a claim under § 1983 or show the type of personal involvement required for supervisory liability.

5

under conditions posing a substantial risk of serious harm," *id.*; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005), or that he has been deprived of the "minimal civilized measure of life's necessities," *Wilson*, 501 U.S. at 298 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); *see also Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. *See also Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights")). The Eighth Amendment recognizes "*de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10 (citation and internal quotation marks omitted). "Not 'every ache and pain . . . involving some discomfort can support an Eighth Amendment claim.'" *Sarah v. Thompson*, 109 F. App'x 770, 771 (6th Cir. 2004) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997)).

The subjective component requires that jail officials acted with requisite intent— *i.e.*, had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 302-03 (plaintiffs must show that prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835.

To be liable under the Eighth Amendment, a prison official must subjectively know of an excessive risk of harm to an inmate's health or safety and disregard that risk. *Id*. at 837.

Though Ashley's allegation that John Doe #2 slammed his hand in the door flap after becoming angry likely satisfies the subjective component of an Eighth Amendment claim, he does not satisfy the objective component. Ashley alleges he asked to see a nurse after the incident, but he does not actually describe his injuries or state what kind of medical treatment he required, if any. Thus, he fails to state an Eighth Amendment claim for excessive force.

To the extent Ashley complains that John Doe #2 used racial epithets during the incident, he also fails to state an Eighth Amendment claim. Verbal comments, even if harassing and abusive, do not violate the Eighth Amendment no matter how "shameful and utterly unprofessional." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545-46 (6th Cir. 2004) (affirming dismissal for failure to state a claim where plaintiff's allegations included continuous insulting remarks by guard); *see also Morrison v. Greenwald*, No. 3:09-CV-009, 2010 WL 1253962, at *9 (S.D. Ohio Feb. 24, 2010), report and recommendation adopted, 2010 WL 1253958 (S.D. Ohio Mar. 23, 2010) ("The Constitution does not protect inmates (or anyone else) from gross insults by public officials, including prison guards."). Even a guard's verbal threat of assault does not violate a prisoner's constitutional rights. *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004). Just as the Constitution "does not mandate comfortable prisons," *Wilson*, 501 U.S. at 298, it does not mandate polite prison guards or officials. "Derogatory or abusive language and conduct do not give rise to a

claim under § 1983." *Meadows v. Gibson*, 855 F. Supp. 223, 225 (W.D. Tenn. 1994) (citing *Paul v. Davis*, 424 U.S. 693 (1976)).

Ashley also asserts that John Doe #2's alleged assault was based on Ashley's race, which is a claim arising under the Fourteenth Amendment's Equal Protection clause. "To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. Of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)), *overruled on other grounds by Engquist v. Or. Dep't of Agric.*, 553 U.S. 591 (2008).

Ashley does not allege that he was treated differently than similarly situated inmates of a different race. He alleges only that John Doe #2 used racially derogatory language during the alleged assault. This does not, by itself, amount to a Fourteenth Amendment equal protection claim.

Even if Ashley had stated a claim against John Doe #2, service of process cannot be made on an unidentified party, and the filing of a complaint against an unknown defendant does not toll the running of the statute of limitation. *See Wiggins v. Kimberly-Clark Corp.*, 641 F. App'x 545, 548-49 (6th Cir. 2016) ("The Sixth Circuit treats naming a specific individual in place of a John Doe as joinder of a new party." (*citing Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996))). Before Ashley can proceed against any unnamed individuals he must first identify the individuals and re-allege his claims against them

8

within the one-year limitations period set out in Tennessee Code Annotated 28-3-104(a)(1)(B).

For the foregoing reasons, Ashley's complaint is subject to dismissal for failure to state a claim on which relief may be granted.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court finds that Ashley must be given an opportunity to amend his complaint.

In conclusion, Ashley's original complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii) and 1915A(b)(1). However, leave to file an amended complaint is GRANTED.

**Any amended complaint must be filed within twenty-one days after the date of this order, on or before January 7, 2021.** Ashley is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the prior pleading. The amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any

extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the amendment. Each claim for relief must be stated in a separate count and must identify each Defendant sued in that count. If Ashley fails to file an amended complaint within the time specified, the Court will dismiss this case with prejudice in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g), and enter judgment.

IT IS SO ORDERED.

                                         s/ **James D. Todd**
                                         JAMES D. TODD
                                         UNITED STATES DISTRICT JUDGE