UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY ASHLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 20-1275-JDT-cgc |
| ) | |
| KEVIN GENOVESE, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER TO MODIFY THE DOCKET, DISMISSING CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Timothy Ashley, a prisoner acting *pro se*, filed a civil complaint pursuant to 42 U.S.C. § 1983 on December 11, 2020, concerning events that occurred at the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee. (ECF No. 1.) On December 17, 2020, the Court dismissed the complaint for failure to state a claim but granted leave to file an amended complaint within 21 days. (ECF No. 5.) After being granted an extension of time, Ashley filed an amended complaint on January 6, 2021 (ECF No. 8), which also is before the Court for screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

The sole Defendant named in the amended complaint is NWCX Officer First Name Unknown (FNU) Shipley, in his individual capacity; the original complaint identified Shipley only as John Doe #2. Ashley does not re-allege or bring any new claims against

the other Defendants who were named in the original complaint. The Clerk shall therefore MODIFY the docket to add Officer Shipley as a Defendant in place of John Doe #2.

The December 17, 2020, screening order summarized the factual allegations in Ashley's original complaint as follows:

> Ashley alleges he was assaulted by Correctional Officer John Doe #2. He states he had been given a meal with peanut butter, to which he is allergic, so he asked Defendant John Doe #2 for a substitute meal. ([ECF No. 1] at PageID 3.) Ashley had his hand in the door flap of his cell at the time. (*Id.*) John Doe #2 allegedly "became irate and began slamming the flap down on my arm and using racial expletives to insult me." (*Id.*) An African American officer then approached and told John Doe #2 he would handle the situation. (*Id.*) Ashley alleges he did nothing to provoke the assault and states he believes John Doe #2's actions were racially motivated because of the racial slurs that were used during the incident. (*Id.*) Ashley asked to see a nurse and states "the warden came by with a captain [and] took photos of my injuries and asked me what took place." (*Id.*)

(ECF No. 5 at PageID 14-15.) Ashley restates these allegations in the amended complaint, specifically identifying John Doe #2 as Defendant Shipley. The amended complaint also alleges Ashley's hand and arm "remained severely bruised black and blue for several weeks, causing [him] severe pain, emotional, psychological, and physical suffering." (ECF No. 8 at PageID 33.) He further alleges Shipley "has displayed a disposition of insulting and extremely aggressive and assaultive behavior towards other African American Inmates as well, and similarly does not treat Caucasian inmates in the fashion he does Black Inmates." (*Id.* at PageID 34.)

The legal standards for assessing the claims in an inmate's complaint were set forth in the prior screening order (ECF No. 5 at PageID 15-16), and will not be reiterated here.

*Excessive Force Claim*:  In the original screening order, the Court found Ashley's excessive force claim against Shipley satisfied the Eighth Amendment's subjective component because he alleges Shipley became angry and deliberately slammed the door flap on his hand and arm.  (ECF No. 5 at PageID 20.)  However, the Court also found that Ashley did not satisfy the objective component because he failed to describe his injuries.  Ashley's amended complaint still suffers this same pleading defect.

In the amended complaint, Ashley contends his "arm and hand remained severely bruised black and blue for several weeks" as a result of Shipley's use of force.  (ECF No. 8 at PageID 33.)  While this allegation offer more detail in comparison to the original complaint, it still fails to meet the Eighth Amendment's objective prong.  A physical injury "need not be significant," but, as a rule, "it must be more than *de minimus* for an Eighth Amendment claim to go forward."  *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010).  "Minor lacerations and cuts" do "not rise to a level that is sufficient to sustain [an] Eighth Amendment claim."  *Lockett v. Suardini*, 526 F.3d 866, 876 (6th Cir. 2008); *cf. Vaughn v. City of Lebanon*, 18 F. App'x 252, 274-76 (6th Cir. 2001) (concluding that non-permanent cuts, bruises, and abrasions, and delayed treatment for those injuries, did not constitute serious medical need for purposes of Eighth Amendment claim).

Ashley's allegations regarding his injuries, even as supplemented in his amended complaint, are insufficient to establish the objective component of an Eighth Amendment claim.  He alleges his hand and arm were "severely bruised" for several weeks, which caused him severe pain, and that he was sent to see the nurse for treatment.  He does not, however, describe any actual medical treatment that he required and was given.  (ECF No.

8 at PageID 33.) Ashley thus does not sufficiently allege the objective component of an Eighth Amendment excessive force claim.

*Verbal Harassment Claim*: Ashley's amended complaint echoes his original pleading's contention about Shipley's use of racial epithets during the incident. (ECF No. 8 at PageID 34.) The amended complaint contains no factual allegations that alter the Court's determination that this these allegations fail to state a claim. "Verbal comments, even if harassing and abusive, do not violate the Eighth Amendment no matter how 'shameful and utterly unprofessional.'" (ECF No. 5 at PageID 20 (internal citations omitted).)

*Equal Protection Claim*: Ashley's original complaint asserted that Shipley's behavior was prompted by Ashley's race. (ECF No. 1 at PageID 3.) The original screening order found he failed to allege that he was treated differently than similarly situated inmates of a different race. Such allegations are required for a cognizable claim arising under the Fourteenth Amendment's Equal Protection Clause. (ECF No. 5 at PageID 21.) The amended complaint alleges that "Shipley has displayed a disposition of insulting and extremely aggressive and assaultive behavior towards other African American Inmates as well, and similarly does not treat Caucasian inmates in the fashion he does Black Inmates." (ECF No. 8 at PageID 34.) These amended contentions miss the mark for a colorable equal protection claim.

The Equal Protection Clause of the Fourteenth Amendment commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. It directs that all persons similarly situated should be treated alike,

4

prohibiting discrimination by government which burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference.  *See, e.g., City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *EJS Properties, LLC v. City of Toledo*, 698, F.3d 845, 864 (6th Cir. 2012); *Schellenberg v. Twp. of Bingham*, 436 F. App'x 587, 591 (6th Cir. 2011).  But "to establish an equal protection violation, a plaintiff must establish more than differential treatment alone – a discriminatory intent or purpose is required." *Maye v. Klee*, 915 F.3d 1076, 1085 (6th Cir. 2019) (citing *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264-65 (1977)).  To prevail under an equal protection challenge, the claimant "must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Deleon v. Kalamazoo Cnty. Rd. Comm'n*, 739 F.3d 914, 918 (6th Cir. 2014).  Such allegations must be supported by facts.  Merely alleging that an individual's actions were based upon membership in a protected class and were "supported by animosity towards [the] plaintiff" who belongs to a different [class] does not suffice. *Nali v. Ekman*, 355 F. App'x 909, 912-13 (6th Cir. 2009) (first alteration in original).  This is where Ashley's amended complaint falls short.

Ashley has not offered facts plausibly suggesting that Shipley was motivated to treat him differently during the incident on the basis of Plaintiff's status as an African American.  *See Nali*, 355 F. App'x at 913; *Deleon*, 739 F.3d at 918.  Instead, Ashley offers only his unsupported, blanket accusation that Shipley generally treats black inmates differently than white prisoners.  (ECF No. 8 at PageID 34.)  Ashley offers no facts from which this Court

may plausibly infer a cognizable equal protection challenge under the Fourteenth Amendment.

*Conclusion*:  In sum, for all of the reasons explained above, the amended complaint does not correct the deficiencies in Ashley's original pleading, and the amended complaint also fails to state a claim on which relief may be granted.  Leave to further amend is DENIED, and this case is DISMISSED with prejudice in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii) and 1915A(b)(1).

It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that an appeal in this matter by Ashley would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                          s/ **James D. Todd**
                                         JAMES D. TODD
                                         UNITED STATES DISTRICT JUDGE